### TURNER v. UNITED STATES.
#### No. 13484.

United States Court of Appeals
Ninth Circuit.
Feb. 17, 1953.

524

August J. O'Connor and Burke Mathes, Los Angeles, Cal., for appellant.

Walter S. Binns, U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty., Los Angeles, Cal., Morris Sankary, Asst. U. S. Atty., Manuel Real, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HEALY, BONE, and ORR, Circuit Judges.

PER CURIAM.

Appellant was convicted under an indictment charging, in eight counts, separate violations of the Servicemen's Readjustment Act of 1944, 38 U.S.C.A. §§ 694(a), 697, 715, in that, in each instance charged, he caused a named lending agency to state falsely in a report presented to the Veterans' Administration that a loan made by the agency to a named veteran of World War II for the purchase of residential property was made pursuant to the Act, whereas in truth the named veteran did not obtain the loan for the statutory purpose, but for the purchase of the property for resale.

Briefly summarized, the plan conceived and initiated by appellant was this: He first supplied each of the eight named veterans with funds to initiate the purchase of a home. Appellant then instructed each to go to a designated escrow agent and make application for a loan to cover the purchase, in each case falsely representing in the application that the veteran intended to use the home for his own residence. Stating that he was a retired attorney, appellant assured each veteran that the making of the statement was perfectly legal. In due course the application containing the false statement was forwarded by the veteran to the lending agency, which investigated the veteran's credit, and thence to the Veterans' Administration which approved the guarantee of the loan. Upon notice that the loan was approved, each veteran turned over the keys and a deed to the home to the appellant, in return for which each received $350 which appellant had promised to pay on completion of the transaction. All this fully appears from the testimony of the veterans themselves.

Appellant advances two contentions. The first is that he was not shown to have "caused" the lending agency to make the false statements to the Veterans' Administration. He argues that inasmuch as he at no time appeared before the lending institution or had any communication with it he could not be said to have caused the institution to make the false statement. This is pure sophistry. Appellant was the

planner, the instigator, and the intended beneficiary of the entire scheme, the success of which necessarily depended upon the making of the false statements by the veterans. The latter were appellant's instruments in effecting his objective, notwithstanding they acted voluntarily in the matter. Compare Todorow v. United States, 9 Cir., 173 F.2d 439, certiorari denied 337 U.S. 925, 69 S.Ct. 1169, 93 L. Ed. 1733.

The remaining contention is that the court erred in admitting the forms and documents used by the lending agencies in reference to the loans for the veterans. A sufficient foundation appears to have been laid for the introduction of these exhibits. Qualified officers of the institution testified that, while they themselves had no personal knowledge of the transactions or of the execution of the documents, the exhibits in question were kept in the regular course of business and that they related to the individual loans involved. The witnesses' lack of personal knowledge in the respects indicated went to the weight of the evidence but did not affect its admissibility. Consult 28 U.S.C.A. § 1732.

Affirmed.