**Jack David WINGER, Appellant**

v.

**UNITED STATES of America, Appellee.**

No. 14864.

United States Court of Appeals
Ninth Circuit.

May 11, 1956.

Rehearing Denied July 2, 1956.

**441**

participated in a counterfeiting conspiracy with three others: Hallak, Shire (a printer) and Opitz. The second count charged that Shire made the counterfeit money and that Winger "did counsel, induce and procure the commission of said offense." A jury was waived.

After the trial, the district court found Winger guilty on both counts. Sentence was ordered on the first count (conspiracy) to be five years imprisonment and on the second count to be seven years, the sentences to commence simultaneously and run concurrently.

■ Winger has appealed on both counts. If the conviction is valid on count two, the term of imprisonment thereon exceeding the concurrent sentence on count one, we need not review count one.[1] Should we find the conviction on count two ill-founded, then it would be incumbent to turn to count one and investigate it.

In our judgment, the conviction on count two is fully justified. The making of the counterfeit money by Shire is proved beyond doubt. Any evidence of direct person to person contact between Winger and Shire, although they were not strangers, is rather flimsy—by itself certainly insufficient to uphold a conviction.

■■ But there is evidence of Winger counselling with the intermediary Opitz in contemplation of the securing of counterfeit money. Shortly thereafter a plan goes forward for production of counterfeit money in which Opitz is conferring and plotting with Shire, the printer. Then the money is printed by Shire. All are close enough in time that a trier of fact was entitled circumstantially to conclude that the money was manufactured according to the plan in which Winger originally counselled. An accessory before the fact[2] can work through an intermediary as well as with

George E. Danielson, Charles H. Carr, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Lloyd F. Dunn, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

CHAMBERS, Circuit Judge.

Winger was indicted in May, 1955, on two counts involving counterfeiting of money. The first count charged that he

1. Abrams v. United States, 250 U.S. 616, 40 S.Ct. 17, 63 L.Ed. 1173; Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692; Doan v. United

States, 9 Cir., 202 F.2d 674; Goldbaum v. United States, 9 Cir., 204 F.2d 74.

2. See 18 U.S.C.A. § 2(a) An accessory before the fact is a principal.

him who ultimately commits the principal crime.[3]

We do not hold the conspiracy conviction improper. We just do not reach it.

The judgment is affirmed.

3. Turner v. United States, 9 Cir., 202 F.2d 523; Collins v. United States, 5 Cir., 65 F.2d 545; Morei v. United States, 6 Cir., 127 F.2d 827; Russell v. United States, 4 Cir., 222 F.2d 197.