**John Peter KING, Jr., Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 16464.

United States Court of Appeals
Ninth Circuit.

June 16, 1960.

Rehearing Denied Aug. 13, 1960.

---

Miller & Maddox, Los Angeles, Cal., for the appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Earl P. Willens, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

Defendants King, Pulido and Ellis were indicted in a seven count indictment for violation of the federal narcotic laws. Pulido and Ellis plead guilty to counts two and seven respectively. King stood trial on counts one, three, four, five and six. A verdict of guilty was rendered on all counts, and King was sentenced to twelve years imprisonment on each count, the sentences to run concurrently. From that judgment defendant King appeals. The district court had jurisdiction. 18 U.S.C. § 3231. This Court has jurisdiction on appeal. 28 U.S.C. § 1291.

On July 11, 1958, federal and state narcotic agents made arrangements with defendant Pulido to have him purchase five pounds of marijuana. Pulido was trailed by other agents. He met King on a street corner, drove a short distance in King's car, left King and met the agents to deliver the marijuana. Pulido was under surveillance during the whole period between the time the marijuana was ordered and delivered, and contacted no one but King during this period.

On July 17, 1958, substantially the same transaction took place, Pulido meeting with King between the time the marijuana was ordered and delivered.

On July 24, 1958, the agents again ordered marijuana from Pulido. Pulido agreed, but specified that on this occasion the delivery would have to be made by his brother-in-law. Meanwhile defendant King was under surveillance. About a half hour after the order for marijuana was placed, King went to the apartment of defendant Ellis. He remained in the apartment for about five minutes. He left the apartment and was crossing the parking lot to his car when he was arrested by a narcotics officer. He was carrying a paper bag containing five pounds of marijuana. The arresting officer was joined by others, who took King back to the Ellis apartment. The apartment was searched, and several more pounds of marijuana were found.

The appellant's defense consisted of an alibi for the 11th of July, and testimony of defendant Ellis that the marijuana found in her apartment and on the person of King was the property of her boyfriend, and that King, ignorant of the contents of the paper bag, was doing her a favor by disposing of some "trash." Her story was doubtful, since she denied being with King on the 11th or 17th, when federal agents had seen her with King, and the evidence showed that King

had walked well past the trash containers at the time he was arrested with the marijuana.

The pertinent counts of the indictment were as follows:

1. A conspiracy among King, Ellis and Pulido to violate 21 U.S.C.A. § 176a (concealment and transportation), and 26 U.S.C. §§ 4742(a), 7237(b) (transfer without order form).

2. (Defendant Pulido only.)

3. Pulido and King, the July 11th transfer without order forms.

4. Pulido and King, the July 17th transfer without order forms.

5. King, concealment of four pounds, fourteen ounces, of marijuana on July 24th.

6. King and Ellis, concealment of the marijuana found in Ellis' apartment on July 24th.

7. (Defendant Ellis only.)

 This is a case where, if appellant was validly convicted on any of the five counts, a reversal cannot be had. The facts are not in dispute as to any count, including the fifth. The jury found appellant guilty on the fifth count. It cannot be denied there was sufficient evidence before the jury to permit that body to convict the appellant. Such facts must be interpreted most strongly in favor of the government's case on this appeal. Thus, we are required to affirm the conviction on count five, regardless of the validity of the convictions on the other counts (which we here do not reach), Sinclair v. United States, 1929, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692; Winger v. United States, 9 Cir., 1956, 233 F.2d 440, unless there was error in the court's remarks made to the jury. We find the remarks made prior to the formal instruction of the jury might well have been left unsaid. But no objection to them was made on behalf of appellant. Careful and accurate instructions were given the jury, including those relating to their duty not to believe that anything the court might have said indicated the court favored one side or the other. We must presume the instructions of the court were followed, and are not permitted to assume the contrary.

Finding no prejudicial error, we affirm.