Luis Leiva **CERVANTES**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18482.

United States Court of Appeals
Ninth Circuit.

June 14, 1965.

W. S. Pilling, Oakland, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schülman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Warren P. Reese, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

On November 21, 1962, appellant Cervantes was indicted by a Federal Grand Jury for the Southern District of California. The indictment charged Cervantes in nine counts with violation of section 174 of Title 21 U.S.C. Counts One, Three, Five and Seven charged that appellant knowingly and unlawfully sold specified quantities of heroin to a Special Employee of the Federal Bureau of Narcotics on four specified dates, which, as he then and there knew, had been imported into the United States contrary to law. Counts Two, Four, Six, Eight and Nine charged appellant with knowingly and unlawfully receiving, concealing and facilitating the concealment and transportation of specified quantities of heroin on the same dates. Count Nine was subsequently dismissed on motion of the government. A plea of not guilty was entered to all counts, and after trial before the court,[1] appellant was found guilty as charged on Counts One through Eight on November 29, 1962. On that date appellant was sentenced to 20-year terms on each count, the sentences to run concurrently. From this judgment, appellant appeals invoking the jurisdiction of this court under 28 U.S.C. §§ 1291 and 1294.

Although appellant has failed to comply with the rules of this court in that he has not separately and particularly set out each error intended to be urged on appeal, it is fairly apparent that he urges two main points: (1) that there was a material variance between the allegations in the indictment and the proof introduced at the trial, and (2) that certain admissions of the appellant were

1. Appellant was represented by counsel at trial.

introduced into evidence in violation of appellant's Sixth Amendment right to assistance of counsel.

■ Appellant contends under point (1) that there is a material variance between the allegations of Counts One, Three, Five and Seven and the proof adduced thereon. In Counts One, Three, Five and Seven the indictment charges that appellant sold heroin "to a special employee of the Federal Bureau of Narcotic" [sic]. The evidence was that the sales mentioned in said counts were made to one Wanda Krug, and appellant points out that there was no evidence in the record that Wanda Krug was a "special employee of the Federal Bureau of Narcotic" [sic]. We do not reach the merits of this contention for the following reason. Appellant was charged in Counts Two, Four, Six and Eight of the indictment with concealment and facilitation of concealment of heroin on the dates mentioned therein and was convicted on said counts. No contention is made by appellant that there was no sufficient evidence to sustain his conviction on said counts or that there was any variance between the allegations and proof on said counts, and we have found no error therein. His sentences on said counts were made concurrent with the sentences on Counts One, Three, Five and Seven. Winger v. United States, 233 F.2d 440 (9th Cir. 1956); Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1957); Byrnes v. United States, 327 F.2d 825 (9th Cir. 1964); King v. United States, 279 F.2d 342 (9th Cir. 1960). We therefore decline to consider appellant's first claim of error.

■ As to point (2) no objection in the trial court was made to the admission of the testimony referred to. The alleged error is raised for the first time on this appeal.

The admissions of which appellant now complains for the first time referred to Counts Seven and Eight of the indictment and not to the preceding counts. Under the rule referred to above as to Point One, by reason of the concurrent sentences on all counts, we decline to consider his claim of error under Point Two.

Judgment affirmed.