FILED

OCT 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50323 |
| Plaintiff-Appellee, | D.C. 2:13-CR-00570-JAK-2 |
| v. | |
| JORGE MONTOY, | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted August 31, 2016[**]
Pasadena, California

Before: WARDLAW and BYBEE, Circuit Judges, and ZIPPS,[***] District Judge.

Jorge Montoy ("Montoy") appeals his conviction and 240-month sentence for

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

1

aiding and abetting the sexual exploitation of a minor in violation of 18 U.S.C. §§ 2 and 2251(a). We affirm.

The district court properly interpreted the term "induce" as it is used in 18 U.S.C. § 2. 18 U.S.C. § 2(a) provides, "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." There is no federal case law construing the term "induce" as it is used in 18 U.S.C. § 2. Under the rules of statutory construction, "[t]he plain meaning of the statute controls, and courts will look no further, unless its application leads to unreasonable or impracticable results." United States v. Leyva, 282 F.3d 623, 625 (9th Cir. 2002). To "induce" is "to move by persuasion or influence." United States v. Rashkovski, 301 F.3d 1133, 1136 (9th Cir. 2002) (quoting Merriam-Webster's Collegiate Dictionary (2002)); see also United States v. Ezeta, 752 F.3d 1182, 1185 (9th Cir. 2014) ("To determine a word's plain and ordinary meaning, we may refer to standard English language dictionaries.") The district court's reliance on Rashkovski for the proposition that "induce" includes persuasion and influence was a reasonable interpretation of 18 U.S.C. § 2; the district court applied a canon of statutory interpretation and construed the term "induce" based on its plain meaning. See, e.g., Glob.-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 760 (2011) (citing to Webster's New International Dictionary 1269 (2d

2

ed.1945) and concluding that the term "induce" as it is used in 35 U.S.C. § 271 includes "to move by persuasion or influence").

Moreover, the district court's interpretation is in keeping with courts' historically liberal construction of 18 U.S.C. § 2. As at common law, a person is liable under § 2 for aiding and abetting a crime if he takes an affirmative act in furtherance of that offense with the intent of facilitating the offense's commission. Rosemond v. United States, 134 S. Ct. 1240, 1245 (2014). This "comprehends all assistance rendered by words, acts, encouragement, support, or presence." Reves v. Ernst & Young, 507 U.S. 170, 178 (1993) (citing Black's Law Dictionary 68 (6th ed. 1990)). An aider and abettor "is liable for any criminal act which in the ordinary course of things was the natural or probable consequence of the crime that he advised or commanded, although such consequence may not have been intended by him." United States v. Barnett, 667 F.2d 835, 841 (9th Cir. 1982) (quoting Russell v. United States, 222 F.2d 197, 199 (5th Cir. 1955). We have found sufficient evidence of aiding and abetting where the aider and abettor provided verbal encouragement of a crime and gave advice about how to commit the crime. See United States v. Allen, 341 F.3d 870, 889 (9th Cir. 2003).

The evidence was sufficient to establish that Montoy persuaded and influenced Foster to produce Exhibits 3-8 such that he "induced" Foster to sexually exploit a

3

minor in violation of 18 U.S.C. §§ 2 and 2251(a). Montoy repeatedly praised Foster for taking the images, repeatedly encouraged her to take more, and specifically directed Foster regarding what portions of A.M.'s body to photograph and how to touch A.M. Foster was, in fact, influenced by and complied with Montoy's requests. As the district court described in detail at the close of the bench trial, Montoy's requests for specific poses can be linked to specific photographs featuring that exact pose, sent by Foster to Montoy within minutes of his requests. The texts between Montoy and Foster indicate that Montoy was fully aware of the sexual exploitation of A.M. and intended for it to occur.

The district court did not abuse its discretion in imposing a below-Guideline range sentence of 240 months. The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a) & (a)(2); United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Review of the trial transcript indicates that the district court considered the § 3553(a) factors in determining Montoy's sentence. See United States v. Treadwell, 593 F.3d 990, 999 (9th Cir. 2010) (holding that a district court sentence is an abuse

4

of discretion only if the district court applies the Guidelines in a way that is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record.")  The district court's decision to impose a sentence above the mandatory minimum was based on its view that such a sentence was justified by the seriousness of Montoy's offenses, the need to deter Montoy and protect the public, and Montoy's need for treatment.

**AFFIRMED**.