**Ernest James COX, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16924.**

United States Court of Appeals
Ninth Circuit.

Feb. 15, 1961.

Vincent W. Jones, San Francisco, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Asst. U. S. Atty., Russell R. Hermann, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before POPE, HAMLIN and KOELSCH, Circuit Judges.

PER CURIAM.

Appellant was found guilty after trial upon four counts charging certain offenses relating to the sale, receiving, concealing and transporting narcotic drugs. Counts 1 and 2 related to sales and concealment and transportation on April 9, 1959, and counts 3 and 4 related to receiving and concealing heroin and marijuana on April 17, 1959.

The Government's proof in respect to counts 3 and 4 included the introduction in evidence against the appellant of narcotic drugs seized on April 17, 1959 at appellant's home at the time of his arrest. Claiming that the arrest and entry into his home was in violation of his constitutional rights, the appellant prior to trial moved to suppress the evidence thus seized. His motion was denied and the narcotics thus obtained were introduced at his trial. These exhibits had nothing to do with the proof of the Government on counts 1 and 2. He was found guilty on all four counts and received prison sentences on each count, all such sentences being for the same period of time and to run concurrently. Upon this appeal appellant's contention is error in failing to suppress the evidence mentioned, and the receipt of same at the trial.

Since the claimed error in no manner affects appellant's conviction under the first two counts, it is plain that he has no standing to assert errors which at best could only affect counts 3 and 4. Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692; Winger v. United States, 9 Cir., 233 F.2d 440; King v. United States, 9 Cir., 279 F.2d 342, 344. Appellant asserts that the error in receiving the physical evidence

in support of the charges under counts 3 and 4 may have had an adverse effect upon the jury, in arriving at their verdict upon counts 1 and 2. There is no authority for that position. Accordingly, the judgment is affirmed.