Myrtle P. CUTCHLOW, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17324.

United States Court of Appeals Ninth Circuit.

March 21, 1962.

**296**

Edwin A. York, Portland, Or., for appellant.

Sidney I. Lezak, Acting U. S. Atty., and Charles H. Habernigg, Asst. U. S. Atty., Portland, Or., for appellee.

Before JERTBERG and DUNIWAY, Circuit Judges, and BOLDT, District Judge.

BOLDT, District Judge.

Charged in a one count indictment with violation of 21 U.S.C.A. § 174 relating to unlawful transportation and concealment of narcotic drugs, appellant was adjudged guilty pursuant to a jury verdict. On appeal appellant contends: (1) the heroin in question was obtained by illegal search and seizure; (2) appellant's admissions concerning her possession of the drug were not sufficiently corroborated; (3) the above cited statute is unconstitutional; and (4) the Oregon statute, ORS 475.655, authorizing detention warrants for suspected narcotic users is unconstitutional.

The evidence necessary for disposition of the questions presented may be summarized as follows: In the early evening of January 9, 1960 city police officers Todd, Eck and Bisenius proceeded by automobile to the vicinity of appellant's residence in Portland, Oregon. Their purpose was to execute a warrant for the arrest of one James Turner then reportedly residing with appellant and also to take custody of appellant pursuant to a previously issued detention warrant under the cited Oregon statute.

As the officers approached appellant's residence they saw appellant and a man later identified as David Jones walking toward the front door. When the two noticed the officers they increased their pace and hastened into the house. The three officers immediately encircled the place, Todd going to the front door, Eck to the side door and Bisenius to the rear. Movements in the house were heard followed by a loud banging noise in the rear sounding as though a rear window were being thrown open and a screen torn. An instant later a jar landed almost at the feet of Bisenius. At the time Todd, who by then had started for the rear of the house, observed a man running north along the sidewalk in front of the house. He was overtaken and after brief questioning released.

At about this time Eck followed by Bisenius entered the front door which was just being opened by Jones. Eck passed Jones and went into the living room where he observed appellant coming from the back of the house. Appellant was informed of the detention order and asked to sit down. In searching the house Eck found no occupant other than a college student in bed on the second floor. At this time federal narcotics officers arrived. Field tests for heroin on the substance found in the jar were positive and appellant was taken to police headquarters.

In the course of questioning by the officers appellant was asked, "Pat, will our identification officer find your fingerprints on this jar?" She instantly replied, "No, he won't honey, because I was wearing gloves and wiped it off good before I whooshed it out the window." When the possibility of bringing in Jones was suggested she stood up and said, "Oh, no, don't do that. He doesn't know anything about this." She was also asked if she broke the window screen to which she answered, "No, it was already broken." En route to police headquarters appellant was asked, "How do you make your living?" She replied, "I know you're narcotic officers but you can't arrest me for what I say. I have four men I deal with and it keeps me off the corners."

In challenging the legality of the seizure of the heroin appellant claims

that the approach of the three officers so frightened her that she "cast her constitutional rights out of the window." For that reason she argues it was illegal for the officers to pick up and take possession of the jar and contents.

The officers had the lawful right and duty to approach appellant's residence in seeking Turner for whose arrest they had a valid warrant. There was no misconduct in the manner of their approach and considering the actions of appellant and her then unidentified companion Jones, the officers were justified in attempting to surround the house to prevent the possible alerting and escape of Turner. Whatever intent or purpose may have been in their minds, no improper or unlawful act of any kind was committed by any of the officers prior to the jar containing heroin being thrown out of the window at the officer's feet. In the circumstances there was no reason in fact or law why the jar should not have been recovered and its contents examined by the officers at the scene. The heroin exhibit was legally obtained and properly admitted in evidence. Appellant's first contention is without merit.

 It is argued that appellant's admissions concerning her possession of the heroin were not adequately corroborated in that her identity as possessor of the narcotics was not shown by evidence other than appellant's admissions. The rule is well stated and amply documented in a note on the subject, 45 A.L.R.2d 1316, 1336: "The courts agree that, as a general proposition, evidence in corroboration of a confession or admission need not connect the defendant with the crime charged and that such connection can be shown by his confession or admission without corroboration on that point." This statement is fully supported by the federal decisions cited in the note and others, including Manning v. United States, 215 F.2d 945, 947 (10 Cir., 1954) wherein it is stated: "The rule, by the great weight of authority, does not require proof, independent of the confession, of the connection of the confession, of the con-

nection of the *accused* with the crime, or of his identity as the criminal."

Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 and Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (both 1954) deal with application of the corroboration rule (1) where corpus delicti is intangible and (2) where it is not established independently of the statements of the accused. On analysis Smith and Opper do not directly or indirectly change the general rule other than in the particular circumstances with which they deal. The present case does not involve either of those situations. In this case corpus delicti was tangible and fully established by competent evidence other than the statements of the accused and the general rule is applicable.

 When at the approach of the officers the jar containing heroin was thrown out of the window of appellant's residence it was shown that a moment earlier someone in the house had had possession of narcotics. In the absence of explanation showing the possession to be lawful it was presumed unlawful under 21 U.S.C.A. § 174. Thus, the corpus deliciti of the offense charged was fully established prior to and independent of the statements of appellant.

Even if the added precautions provided for by Opper and Smith were required the circumstances reasonably found from the evidence, taken as a whole, provide ample assurance of the trustworthiness of appellant's statements and corroboration connecting or identifying appellant as the unlawful possessor of narcotics as found by the jury.

 The constitutionality of 21 U.S.C.A. § 174 has been upheld by the Supreme Court of the United States, Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925); Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); and recently by the Court of Appeals of this circuit, Bradford v. United States, 9 Cir., 271 F.2d 58 (1959). Nothing has been

presented in the present case requiring reappraisal of the cited decisions.

■ Appellant's final contention challenges the constitutionality of the Oregon statute ORS 475.655 authorizing detention orders for suspected narcotic users. Consideration of that contention is not required or indicated in view of appellant's lawful arrest incident to the valid seizure of narcotics.

No error having been found, the judgment and conviction below are affirmed.