Albert AGOBIAN and Albert Egishian, Appellants,

v.

UNITED STATES of America, Appellee.

No. 18635.

United States Court of Appeals
Ninth Circuit.

Oct. 16, 1963.

694

Peter J. Hughes, San Diego, Cal., for appellants.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and Jo Ann Dunne, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and PENCE, District Judge.

BARNES, Circuit Judge.

Appellants were convicted by a jury on one count of possession of heroin. 21 U.S.C. § 174. Appellants urge, as grounds for reversal:

(1) That the last sentence of § 174 requiring defendant, once having been proved to have possession of narcotics to explain that possession, is unconstitutional.

(2) That the evidence is insufficient to sustain the conviction.

■ We have repeatedly upheld the constitutionality of § 174, as it applies to heroin and other opium derivatives, and to certain marijuana, at least. The Supreme Court of the United States has instructed us to do so. White v. United States, 9 Cir., 1963, 315 F.2d 113; Cellino v. United States, 9 Cir., 1960, 276 F.2d 941, 943–946; Yee Hem v. United States, 1925, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904. But see Erwing v. United States, 9 Cir., 1963, 323 F.2d 674.

We have previously refused, and continue to refuse, to reverse our position where the factual situation is as it here exists.

■ As to the sufficiency of the evidence, we are required, of course, to examine the evidence and the inferences that can be drawn therefrom most favorable to the government on this appeal. Glasser v. United States, 1941, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Sandez v. United States, 9 Cir., 1956, 239 F.2d 239.

■ Was there a reasonable inference at the time of appellants' arrest that appellants *had* had possession of the heroin? We are not limited in our factual analysis to the precise moment of arrest, or the moment that the officers announced themselves to the appellants. That Agobian's hands were seen to drop the heroin at the moment of panic and flight does not preclude a joint constructive possession of the narcotics by *both* parties in the one automobile.

We quote from the factual recital in the government's brief:

"Several officers testified that Mr. Ronald Rojas was a special employee of the government. The officers further testified that past experience had proven Mr. Rojas was reliable.

"The testimony concerning the handling of heroin on the evening of March 27, 1962, clearly proved that the appellants intended to possess and continue dealing in the illicit traffic .of narcotics.

\* \* \* \* \* \*

"Mr. Rojas testified that on March 28, 1962, the appellants were going to deliver heroin. At the appointed date and location the appellants arrived.

"During the attempt by the appellants to escape, an object was thrown from the appellants' moving vehicle and the sound of glass breaking was heard. At this precise location, heroin was scraped from the asphalt pavement. Broken glass and a metal jar lid containing heroin were also recovered. That this heroin was in fact thrown from the appellants' vehicle is substantiated by the testimony of Deputy Sheriff Velasquez that no other broken glass was found along the route of the appellants' attempted escape. Nor were there any broken windows in the appellants' vehicle. The only rational conclusion that can be drawn from these facts is that the heroin recovered on March 28, 1962 is the same heroin which was 'cut' by the appellants and stored in a glass jar with a metal lid on the evening of March 27, 1962.

When at the approach of the officers the jar containing heroin was thrown out of the window of appellant's residence it was shown that a moment earlier someone in the house had had possession of narcotics. In the absence of explanation showing the possession to be lawful it was presumed unlawful under 21 U.S.C.A. § 174. Thus, the corpus delicti of the offense charged was fully established * * *." Cutchlow v. United States, 301 F.2d 295, 297 (9 Cir., 1962).

■ The dominion and control exercised by the appellants jointly over the narcotics, if the government witnesses were to be believed (as they were, by the jury) is a far cry from the unknowledgeable "momentary grasp" mentioned by the reversing court in United States v. Santore, 2 Cir., 1960, 290 F.2d 51. The doctrine enunciated in that case is not here applicable, and we cannot follow it.

Nor are we convinced by arguments of *amici curiae* that the court's instruction, in the exact language contained in the statute (21 U.S.C. § 174, paragraph 2) was contrary to 18 U.S.C. § 3481.

### A

The Supreme Court has ruled on the constitutionality of § 174, paragraph 2. Yee Hem v. United States, supra. We have long followed that rule. Mullaney v. United States, 9 Cir., 1936, 82 F.2d 638; Caudillo v. United States, 9 Cir., 1958, 253 F.2d 513. We cannot agree that it is unrealistic to argue that appellants could have offered evidence other than their own testimony, since there is nothing to indicate that evidence other than their testimony was available. Neither is there any evidence other testimony was *not* available. If the appellants had a defense which could explain their possession, such as lawful purchase, medical prescription or research, etc., etc., they could presumably have produced testimony of third parties to establish such facts.

Nor can we see the applicability of Johnson v. United States, 1943, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704. How were appellants deprived of an intelligent choice of whether they should or should not explain their possession, if we assume they had an explanation?

### B

If the court had not instructed on the second paragraph of § 174, it would not have completely or properly instructed the jury. If the Supreme Court desires to reverse the present rule on the lawfulness of the presumption it has heretofore approved, it may do so, but we may not.

### C

We may, but need not, notice on our motion errors to which no exception was taken in the trial court, and to which the trial judge's attention was not called, except under extraordinary and exceptional circumstances. We fail to find such exceptional circumstances in this case.

Affirmed.