**UNITED STATES of America, Appellee,**

**v.**

**Jose Mario MARTINEZ, Defendant-Appellant.**

**No. 494, Docket 28401.**

United States Court of Appeals Second Circuit.

Argued June 4, 1964.

Decided June 15, 1964.

Certiorari Denied Nov. 9, 1964.
See 85 S.Ct. 199.

District of New York) (Robert J. Mc-Guire, Asst. U. S. Atty., of counsel), for appellee.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

This appeal from a judgment of the District Court for the Southern District of New York in which Judge Croake, sitting without a jury, convicted appellant Martinez of selling cocaine to a federal narcotics agent in· violation of 21 U.S.C. §§ 173 and 174, raises two claims. The first, that the clause authorizing conviction under § 174 on a showing merely of possession of a narcotic drug cannot constitutionally apply to possession of cocaine, is sufficiently answered by our recent decision in United States v. Sorenson, 2 Cir., 330 F.2d 1018 (1964), where we rejected a similar argument when, as here, it was made without evidentiary support in the trial record, unlike Erwing v. United States, 323 F.2d 674 (9 Cir. 1963), which we distinguished on that account.

The second concerns a question asked of defense counsel by the judge. It arose out of a dispute as to the accuracy of the identification of the defendant as the man who had made the sale.

The Government's case rested on the testimony of the agent to whom the sale was made and of a surveilling agent. The defense countered with the evidence of a woman who had pleaded guilty to two related counts, had previously lived with Martinez, and was in love with him; she claimed that the agents had arrested the wrong man—the true culprit being one "Raymond" whose last name she did not know. Martinez did not testify. In the course of discussion as to the sufficiency of the identification, the following interchange occurred between the judge and defense counsel:

"The Court: Mr. Moldow, you may object to this question if you want to, that I am about to ask.

"Had this man had any prior offense in this Court?

Leon B. Polsky, New York City (Anthony F. Marra, The Legal Aid Society), for appellant.

Andrew M. Lawler, Jr. (Robert M. Morgenthau, U. S. Atty., for Southern

"Mr. Moldow: I don't think it would be appropriate for me to make any statement regarding his background in view of the fact that after conferring with him there was an election between us that he would not take the stand.

"The Court: I won't press the question."

As Martinez did not testify or place his character at issue, it would have been wholly improper for the Government to produce evidence of prior offenses in the circumstances here present. See Lane v. Warden, 320 F.2d 179 (4 Cir. 1963), and cases cited. The judge thus should not have asked the question we have quoted, since an affirmative answer would have introduced into the record material which would require reversal unless later excluded. But the wise response of defendant's trial counsel, properly availing himself of the judge's invitation to object, prevented error. Appellate counsel urges that the judge must nevertheless have drawn the inference that a prior offense was the reason for Martinez' failure to take the stand, and that he could not have eliminated this from his mind when he reviewed the testimony some days later. We see no sufficient basis for either proposition. There were many reasons why Martinez and his counsel might have "elected" that the defendant not take the stand, and the judge knew full well that he must not speculate about them, 8 Wigmore, Evidence, § 2272 (McNaughton Revision, 1961), let alone select an explanation that would be totally inadmissible as evidence. Mr. Moldow's answer furthermore was couched in sufficiently careful terms that an experienced trial judge would not have construed it as a tacit admission of a damaging fact. Even if the Government had offered the record of a prior conviction which was then excluded, it could scarcely be argued that a conviction must nevertheless be reversed; yet the judge would have had more knowledge of the earlier offense than here where there was only a question to which objection was made

and sustained. Cf. United States v. Cimino, 321 F.2d 509, 511–512 (2 Cir. 1963), cert. denied, 375 U.S. 967, 974, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964). Indeed, "when a case is tried without a jury, the error of admitting incompetent evidence will be regarded harmless, if it is rejected and excluded by the judge before the decision is made." Oates v. United States, 233 F. 201, 205 (4 Cir.), cert. denied, 242 U.S. 633, 37 S.Ct. 16, 61 L.Ed. 538 (1916). Here the incompetent evidence was never received.

Affirmed.