Charlotte OROZCO-VASQUEZ and Juliano Lopez-Molano, Appellants,

v.

UNITED STATES of America, Appellee.

Harry Gamboa BUCKLEY and Mary Delgado Ramirez, Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 19124, 19125.

United States Court of Appeals Ninth Circuit.

April 28, 1965.

Bradford A. Arthur, Los Angeles, Cal., for appellants Buckley and Ramirez.

Claude Vibart Worrell, Sr., Los Angeles, Cal., for appellant Orozco-Vasquez.

David K. Yamakawa, Jr., San Francisco, Cal., for appellant Lopez-Molano.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

BARNES, Circuit Judge:

These two cases involve the combined appeals in forma pauperis of four appellants. Originally there were five defendants in an eleven count indictment returned below. Defendant Virginia Rivas-Garcia turned state's evidence and testified for the government in the District Court. The other four defendants were convicted, and now appeal.

## I

The appeal of Mary Ramirez has been abandoned, and her appeal is dismissed for lack of prosecution.

## II

The appeal of Charlotte Orozco-Vasquez raises but one point: that the court erred in refusing to permit alleged impeaching questions of the witness Virginia Garcia.

The record shows that upon turning state's evidence, the court (a) had dismissed two indictments against Virginia Garcia, charging a violation of 21 U.S.C. § 174 (with a minimum five year penalty and no probation) and on which her bail was $10,000, and (b) the government had filed a charge of possession and illegal sale of narcotics not in their original package (26 U.S.C. § 4704(a) and § 7203) with a lesser penalty, and with possibility of probation; and her bail had been reduced to $1,000.

That there had been a change in the charge; a dismissal of the first indictment; a plea to the second; and a change in the amount of bail; were all facts stated by the judge in open court.

Counsel for defendant desired to find out how the witness thought she had (or might have) benefited herself with respect to a future possible sentence. The court stated:

"I will stop you right there to save you trouble, because even if counsel would stipulate it, I wouldn't permit it in evidence before the jury, because, of course, it is entirely immaterial and irrelevant, the question of the offense—or the fact that she has entered a plea of guilty. That is not a matter for the jury.

"The only thing you can do, counsel, is to interrogate her as to whether or not she has received any promises or whether she agreed to testify in order that she would be charged with a lesser offense. You may ask her a question of that sort, but you can't go into this; as a matter of fact, you don't know what her attorney did and neither do I, and we can't go into it in the matter of a privileged matter between her and her attorney." (Tr. p. 315, ll. 9–21.)

We find no error in the latitude allowed defendant's counsel on cross-examination, and in the refusal of the court to go further. Counsel cites several cases to prove cross-examination to show bias and prejudice is proper, but no case which we consider here controlling, or even pertinent. We find no error, and the conviction of Charlotte Orozco-Vasquez is *affirmed*.

## III

The appeal of the defendant Harry Gamboa Buckley is from a jury verdict finding him guilty of aiding and abetting his various codefendants on all eleven counts in violation of 21 U.S.C. § 174. His appeal rests upon two grounds: insufficiency of the evidence, and that appellants' motion to suppress evidence was improperly denied. An examination of the record discloses no merit in either contention.[1] The conviction on each count is *affirmed*.

## IV

Appellant Juliano Lopez-Molano stands in a different position. We have concluded the conviction as to him must be reversed.

Five grounds for reversal are urged by this defendant. The first, error

---

1. There was no designation in the record of the transcript of proceedings had on a pre-trial suppression hearing. No specifications of error are made. We can only use the record before us.

in the admission of evidence, and the second, that the prosecutor was guilty of misconduct, are both without merit. The third—that the second paragraph of the statute (21 U.S.C. § 174) requiring a defendant to explain possession of narcotics is unconstitutional, we have repeatedly held, is without merit. Agobian v. United States, 323 F.2d 693 (9th Cir. 1963); Cellino v. United States, 276 F.2d 941 (9th Cir. 1960); Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925).

The fourth, (that the same statute is contrary to the Fifth Amendment clause against self-incrimination) is likewise without merit.

▆ The fifth ground urged is the insufficiency of the evidence to establish possession of the narcotics involved in the transactions in the defendant Molano.

In summary, the government's brief relies on fourteen facts (pp. 32–35), all relating to one alleged sale on one day: (a) that Molano had been defendant Vasquez' boy friend "for at least 3 or 4 weeks"; (b) one Esquivel made an appointment with Ramirez (no mention of Molano); (c) Molano arrived at Vasquez' home and watered the lawn; (d) Molano drove Vasquez and parked the auto within a block of where Vasquez contacted the stool pigeon Esquivel outside of Molano's presence; (e) that the auto, though traveling several blocks, was parked within fifty yards of Vasquez's house; (f) (no mention of Molano, except that Vasquez "left" him); (g) Vasquez then returned and talked to Molano; (h) Vasquez left the car, delivered heroin, was paid and returned to Molano; (i) Molano and Vasquez drove fifty yards to Vasquez' home, Molano continued to water the lawn; (j) *Vasquez* never said she concealed what she was doing from Molano; (k) *Vasquez* testified falsely as to her conduct; (l) *Vasquez'* story as to why Molano waited for her in the auto was "obviously false"; (m) the jury could have inferred Molano was a look-out; (n) the jury could infer that Vasquez might have conferred with Molano with respect to narcotics.

To pound the nail in the coffin of proof of Molano's alleged possession, the government informs us that Molano neither testified, nor called witnesses, on his own behalf!

At best we know Molano on one day twice watered a guilty defendant's lawn, and drove that same defendant (his girl friend) to and from an appointment where narcotics were sold, but in which sale he did not participate, and at which he was not present.

There was never any proof Molano ever had any personal, actual possession of narcotics, nor constructive possession of them, nor knowledge of their presence in someone else's possession in the car he drove (if they were present). He never received, nor had even temporarily in his possession, any fruit of a sale.

The government states this evidence summarized above, "is more than sufficient to support the conviction of Molano." We assume it is stated most favorably to the government. We have examined the record and find that it was thus most favorably presented as to Molano's guilt.

We find no substantial evidence to support his conviction. We feel certain that had defendant Molano been the only defendant he would never have been convicted, and probably never prosecuted.

Counsel for appellant Molano has in our opinion carefully, ably and successfully distinguished the facts in McClure v. United States, 332 F.2d 19 (9th Cir. 1964); Stewart v. United States, 311 F. 2d 109 (9th Cir. 1962); Hernandez v. United States, 300 F.2d 114 (9th Cir. 1962); Rodella v. United States, 286 F. 2d 306 (9th Cir. 1960); Cellino v. United States, 276 F.2d 941 (9th Cir. 1960); Mullaney v. United States, 82 F.2d 638 (9th Cir. 1936), and other cases relied upon by the government, from the facts in this case.

The judgment of conviction as to Molano is reversed, and the indictment dismissed, and he is ordered to be released.

The representation of this indigent appellant was handled ably and conscien-

tiously by David K. Yamakawa, Jr., Esq., of the San Francisco Bar, who is acting without compensation in this matter. His representation of this appellant deserves recognition and thanks, for it is in the highest and best tradition of the American and California Bars.