**UNITED STATES of America,**
**Appellee,**

v.

**Robert REID, Defendant-Appellant.**

**No. 532, Docket 29548.**

United States Court of Appeals
Second Circuit.

Argued June 16, 1965.

Decided June 23, 1965.

Randolph Guggenheimer, Jr., New York City (Anthony F. Marra, The Legal Aid Soc., New York City), for appellant.

Daniel R. Murdock, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York, Charles A. Stillman, Asst. U. S. Atty., New York City), for appellee.

Before KAUFMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction for violation of 21 U.S.C. §§ 173, 174 (1958).

The charge of which appellant complains was not as clear as would be desirable in instructing the jury on the effect of the presumption of illegal importation.

"In short, a finding of possession authorizes conviction, but does not compel it. It permits the jury to infer that all of the elements requisite to conviction were proved by the Government to their satisfaction. Since the jury, despite proof of possession, may find that one of those elements was lacking, it is incumbent upon the trial judge not only to explain properly the function of the statutory 'authorization' but also to instruct on each and every element—unlawful importation, knowledge, and facilitation or sale—of the offense charged." United States v. Evans, 312 F.2d 556, 557 (2d Cir. 1963).

■ However, no objection was made to the charge and we do not believe that the charge as given was plainly erroneous within the meaning of Rule 52(b) of the Federal Rules of Criminal Procedure.

■ Appellant asks us to rule on the basis of Erwing v. United States, 323 F.2d 674, 682 (9th Cir. 1963) that "there is no rational connection" between cocaine hydrochloride and the presumption of illegal importation. But the record contains no evidence whatever as to place of manufacture upon which we could base such a conclusion. See United States v. Martinez, 333 F.2d 80, 81 (2d Cir.), cert. denied, 379 U.S. 907, 85 S.Ct. 199, 13 L.Ed.2d 178 (1964); United States v. Sorenson, 330 F.2d 1018, 1021 (2d Cir. 1964).

■ Appellant urges that the testimony of the chemist did not sufficiently identify the substance which he analyzed as the same substance which was purchased from the defendant. The record appears to lend support to the appellant's claim. However, there is other evidence which sufficiently establishes the character of the substance sold by appellant. See United States v. Agueci, 310 F.2d 817, 828 (2d Cir. 1962), cert. denied, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963). Moreover, appellant was not in a position to raise the point after his counsel stood by without objection when the judge charged the jury "that the character of the drug * * * as narcotics is not disputed by counsel for the defendant."

Affirmed.