**UNITED STATES of America,
Appellee,**

**v.**

**Victor SECONDINO and John Massari,
Appellants.**

**No. 562, Docket 29708.**

United States Court of Appeals
Second Circuit.

Argued June 22, 1965.

Decided July 8, 1965.

Jay Gold, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, Michael W. Mitchell, Pierre N. Leval, Roger J. Hawke, Asst. U. S. Attys., of counsel), for appellee.

James J. Hanrahan, New York City, for appellant Victor Secondino.

Otto F. Fusco, New York City, for appellant John Massari.

Before MOORE and FRIENDLY, Circuit Judges, and WEINFELD, District Judge.*

WEINFELD, District Judge:

Appellants were convicted by a jury

* Sitting by designation.

on a five-count indictment charging violations of Sections 173 and 174 of Title 21, United States Code, and conspiracy to do so. The appellant Secondino, a three-time Federal narcotics violator, was sentenced to concurrent terms of fifteen years and fined; the appellant Massari was sentenced to concurrent terms of eight years and fined. They seek reversal of the judgments of conviction urging four separate grounds.

The first claim of error revolves about a line of cross-examination of the Government's key witness, a former narcotics agent. Defense counsel, who represent appellants here, by a series of questions put to the agent, insinuated that he had left the Narcotics Bureau under a cloud and was the subject of investigation for illegal acts. Despite denial by the witness, counsel persisted in their highly suggestive questioning. When, at a Bench conference, it developed that they were unable to supply a factual basis for the interrogation, the Court instructed the jury that it was cutting off further inquiry on the subject, and that the issue was out of the case because defense counsel were "not prepared to come forward and show that his resignation was forced by some illegal act on his part." The Court's statement was entirely justified,[1] since counsel had declined to offer proof for their insinuating questions.[2] The Court also informed the jury that it would afford the prosecutor an opportunity to produce the agent's supervisor, "and if he does come here you will listen to him, but that will be the end of this phase of the case * * * by agreement of all parties."

The following morning defense counsel, after "careful reflection" overnight,

moved for a mistrial on the ground the Court's statement gave the jury the impression that the attack on the credibility of the former agent was unfounded. The motion was denied. However, the Court, at a sidebar conference, indicated that the testimony of the superior would not be received and he would so advise the jury. Counsel acquiesced in this suggestion, following which the Court announced to the jury that it would not permit the superior to be called on the issue of the agent's resignation "since it is a collateral matter * * * and has nothing at all to do with the case." Counsel made no objection in response to the new instructions.

■ In the circumstances here presented the claim of unfair prejudice is not only lacking in substance, but borders on the frivolous. If prejudice resulted from the abrupt collapse of the unwarranted line of inquiry, the blame rests with the conduct of defense counsel and no one else.

■ The appellants next contend that the Court committed reversible error in its charge concerning the informer, Jose Rodriguez. The Government's efforts for nearly a year prior to trial to locate the informer had been unsuccessful. He was unavailable at the time of trial and there is no showing that he was under the control of the Government or that his absence was due to any act or conduct on the part of Government agents. The jury was properly instructed that since he was unavailable to either side it was not to speculate as to how the informer might have testified, whether for or against the Government or the defendants.[3] However, the Court then

1. Cf. United States v. Waldman, 240 F.2d 449, 451 (2d Cir. 1957).

2. In response to counsel's contention that he could not lay a testimonial foundation because the issue was "collateral," the Court said, out of the presence of the jury, "But it is within my discretion, and I tell you that I would allow you to bring them in * * * you have indi-

cated to the Court that you are not prepared to bring them in and as a matter of fact, if you want the opportunity even now I will allow you to bring him in." Counsel declined the invitation.

3. 2 Wigmore, Evidence §§ 285–86 (3d ed. 1940). See United States v. Llamas, 280 F.2d 392 (2d Cir. 1960). Compare United States v. D'Angiolillo, 340 F.2d

added, somewhat parenthetically, that in any event such evidence was "cumulative." It would have been preferable had the Court not used that term, since under ordinary circumstances it might have conveyed the impression that had the informer testified he would have *corroborated* the Government's witnesses. However, it must be considered in the context and the setting in which it was used. Here, there was no likelihood of misunderstanding, for the instruction to the jury not to speculate as to the informer's testimony was clear and explicit, concluding, "In other words, you cannot make a guess on it at all."

▉ Without force is appellants' third claim that the Court committed error in violation of their rights against self-incrimination, when it read to the jury the presumption provision from Section 174:

"Whenever on trial for violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

The Court followed this with a wholly adequate instruction that a finding of

possession, not explained, *"permits you to draw the inference* and find * * * that the defendant had knowledge that the narcotic drug was imported contrary to law." (Emphasis supplied.) When counsel objected to the reading of the statutory provision quoted above, the Court further charged the jury in accordance with counsel's request, emphasizing that the burden remained on the Government to prove each element of the crime beyond a reasonable doubt, and that possession might be satisfactorily explained even if the defendant did not testify. No new objection was taken. In any event, the constitutionality of this portion of Section 174 has been upheld repeatedly,[4] and appellants' self-incrimination argument was rejected last Term in a closely parallel context by a majority of the Supreme Court.[5]

Finally, the Trial Judge did not unfairly marshal the evidence for the jury. Moreover, in response to an objection that he had neglected matter, if any, brought out on cross-examination, he reminded the jurors of such matter, of his limited purpose in marshaling the facts, and of their exclusive role as fact-finders.

The judgments of conviction are affirmed.

453, 457 (2d Cir.), cert. denied, 380 U.S. 955, 85 S.Ct. 1090, 13 L.Ed.2d 972 (1965) (witness readily available to both sides); United States v. Comulada, 340 F.2d 449, 452 (2d Cir.), cert. denied, 380 U.S. 978, 85 S.Ct. 1343, 14 L.Ed. 2d 272 (1965) (availability less clear).

4. E.g., Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925); Orozco-Vasquez v. United States, 344 F.2d 827, 829 (9th Cir. 1965); United States v. Martinez, 333 F.2d 80

(2d Cir.), cert. denied, 379 U.S. 907, 85 S.Ct. 199, 13 L.Ed.2d 178 (1964); United States v. Davis, 328 F.2d 864, 866 (2d Cir. 1964).

5. United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), where the Court upheld the Trial Court's reading to the jury language in 26 U.S.C. § 5601(b) (2) similar to that in 21 U.S.C. § 174, over dissents by Justices Black and Douglas raising the issue now pressed upon us.