Lorenzo **RAMIREZ**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19905.

United States Court of Appeals
Ninth Circuit.

Aug. 10, 1965.

Howard Meyerson, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Michael P. Balaban, A. I. Berman, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before JERTBERG and BROWNING, Circuit Judges, and MUECKE, District Judge.

JERTBERG, Circuit Judge.

Following trial to a jury, appellant was convicted on five counts of a seven count indictment returned against appellant and co-defendant Ruiz. Counts ONE and TWO related only to the co-defend-

ant Ruiz. Counts THREE, FOUR, FIVE and SIX charged appellant and Ruiz jointly with unlawful concealment and sale of illegally imported heroin, and Count SEVEN charged appellant, only, with unlawful concealment of illegally imported heroin all in violation of 21 U.S.C. § 174.

Appellant's assignment of errors state:

"(1) The trial court erred in the instructions to the jury on circumstantial and direct evidence";

"(2) The last sentence of Title 21 U.S.C. § 174 is unconstitutional in that it purports to shift the burden of proof to the accused contrary to basic American jurisprudence and civil rights;" and

"(3) To show 'position' (sic possession) under Title 21 U.S.C. § 174, the government's evidence must be direct."

▮ The court instructed the jury on circumstantial evidence as follows:

"Two classes of evidence are recognized and admitted in courts of justice, upon either or both of which, if adequately convincing, juries may lawfully find an accused guilty of crime. One is direct evidence, and the other is circumstantial.

"Direct evidence of the commission of a crime consists of the testimony of witnesses who, through any of their own physical senses, perceived any of the conduct constituting the crime, and which testimony relates what thus was perceived. All other evidence admitted in the trial is circumstantial, and insofar as it shows any acts, declarations, conditions or other circumstances tending to prove a crime in question, or tending to connect the defendant with the commission of such a crime, it may be considered by you in arriving at a verdict. The law makes no distinction between circumstantial evidence and direct evidence as to the degree of proof required for conviction, but respects each for such convincing force as it may carry, and

accepts each as a reasonable method of proof. Either will support a verdict of guilty if it carries the convincing quality required by law, as stated in my instructions."

The above instruction was immediately preceded by the court's instruction pertaining to reasonable doubt, which instructions we find to be clear, comprehensive and complete.

Appellant states in his objection to the quoted instruction as follows:

"The specific error of the Trial Court was that after embarking on an instruction pertaining to circumstantial evidence it was committed to go all the way and give complete instructions on the subject to the jury and in failing to do so prejudiced the Appellant. There was no instruction to the jury as to any question of two reasonable interpretations of circumstantial evidence. One pointing to the Defendant's guilt and the other pointing to the Defendant's innocence. The instruction as given could have misled the jurors into thinking that they could infer only guilt from circumstantial evidence, and not innocence."

We find no merit in appellant's contention. In Holland v. United States, 348 U.S. 121 at pages 139–140, 75 S.Ct. 127 at page 137, 99 L.Ed. 150 (1954), it is stated as follows:

"The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. * * * the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect, * * *.

"Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in

some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more."

 In this same connection appellant argues that:

"There is not sufficient evidence direct or circumstantial to prove as a matter of fact or law that appellant knew that the heroin in question had been imported into the United States of America contrary to law."

We note that appellant at no time during the trial moved for a judgment of acquittal based upon the insufficiency of the evidence, nor did he object at the trial to the District Court's instruction regarding the "possession" presumption found in paragraph 2 of 21 U.S.C. § 174. It appears to be appellant's position that the statutory presumption set forth in paragraph 2 of § 174 becomes operative only if possession of heroin is established by direct rather than circumstantial evidence. Such contention was urged upon this court in Rodella v. United States, 286 F.2d 306 (9th Cir. 1960), C.D. 365 U.S. 889, 81 S.Ct. 1042, 6 L.Ed.2d 199, and found to be without substance.

 Appellant's assignment of error that the statutory presumption contained in 21 U.S.C. § 174 is unconstitutional has been repeatedly rejected. See Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925); Agobian v. United States, 323 F.2d 693 (9th Cir. 1963), cert. den. 375 U.S. 985, 84 S.Ct. 517, 11 L.Ed.2d 472; White v. United States, 315 F.2d 113 (9th Cir. 1963), cert. den. 375 U.S. 821, 84 S.Ct. 58, 11 L.Ed.2d 55; Cellino v. United States, 276 F.2d 941 (9th Cir. 1960).

As previously indicated, we find no merit in appellant's final assignment of error that in order "to show 'possession' under Title 21 U.S.C. Section 174 the government's evidence must be direct." See Rodella v. United States, supra.

The judgment of conviction is affirmed.