**Calvin HAYES, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20780.**

United States Court of Appeals Ninth Circuit.

Nov. 16, 1966.

Stanford H. Atwood, Jr., San Jose, Cal., for appellant.

Sylvan A. Jeffesen, U. S. Atty., Jay F. Bates, Asst. U. S. Atty., Boise, Idaho, for appellee.

Before HAMLIN, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

Appellant was convicted for violating the Dyer Act, 18 U.S.C. § 2312. His sole ground for appeal is that the prosecutor's closing argument constituted comment on his failure to testify.[1] Jurisdiction of this court is based on 28 U.S.C. §§ 1291 and 1294.

■■ The rule that a defendant's refusal to testify may not be commented on is, of course, based on the Fifth Amend-

---

1. Appellant's argument is directed at the portions of the prosecutor's argument italicized below.

"Now, I would like to have you consider, too, the testimony of Mr. McDonald, the FBI agent. I don't think there was any hesitation of his testimony of the interview he conducted with this defendant in Columbus County, North Carolina. But there are some peculiar circumstances which arise in that interview which you are entitled to consider. One is that the defendant said 'I couldn't possibly have been involved in the transaction because on the 25th day of July, 1964, I was in the Veteran's Hospital in Spokane, Washington, on that day until about the 29th of July, and I was registered at the Chicago Hotel in Spokane, Washington; and from that time until about August 8 or 10, I was registered at the Sherwood Apartments in Spokane, and I can prove it.'

"Remember also that in this interview he said that he hitchhiked from Spokane to Boise, and that he stayed a few days and visited acquaintances and traveled on to Fair Bluff, North Carolina, as I recall the testimony. Let's consider these things: First of all, *I think you are entitled to con-*sider *that the conduct of the defendant, including statements which he has made when he had been informed of the crime that had been committed may certainly be considered by you in determining his guilt or innocence.* You can weigh his alibi against the proven testimony before this court —uncontradicted testimony by Mr. McDonald with respect to the date, *and you may also consider when this defendant voluntarily and intentionally offered an alibi tending to show his innocence in the crime,* and this alibi is shown to be false, and you are entitled to determine whether that is a circumstance pointing to his guilt. And I think that you are also entitled to believe, as reasonable men and women, that it is ordinarily not necessary for an innocent person to invent or fabricate an alibi tending to show his innocence in a crime. *I would also like to call your attention to the fact, if I may, to the attitude of the defendant while Mr. McDonald was testifying about the date, and remember this, did he show any shock, or disbelief, or shock at the testimony of the agent? A big grin, like it was some kind of a joke to him.*"

**816**

ment and its statutory analogue, 18 U.S.C. § 3481. Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650; Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. "The test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955). Davis v. United States, 357 F.2d 438 (5th Cir. 1966); United States ex rel. D'Ambrosio v. Fay, 349 F.2d 957 (2d Cir. 1965).

We have read the prosecutor's argument and conclude he did not comment on the appellant's failure to testify. The portions of the argument objected to by appellant were legitimate comment on the evidence introduced at trial.

Judgment affirmed.