**Edward Lee BROWN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20349.**

United States Court of Appeals Ninth Circuit.

Dec. 30, 1966.

Rehearing Denied Feb. 1, 1967.

4. 31 U.S.C. § 193 (1958).

Arthur D. Dempsey, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Zeppelin Wong, Jerrold M. Ladar, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before HAMLIN, MERRILL and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

Appellant was convicted by a jury in the United States District Court for the Northern District of California of two counts of selling and concealing heroin in violation of 21 U.S.C. § 174. He appeals.

■■ The sufficiency of the evidence is not challenged; the record amply supports the jury finding.

The second paragraph of 21 U.S.C. § 174 provides:

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

Appellant asserts that the above statute is unconstitutional and that the giving of an instruction based thereon violated his Fifth Amendment privilege against self-incrimination. The court's instruction is set out in the margin.[1] Appellant reasons that since he elected not to testify

---

1. "To aid enforcement, Section 174 of Title 21, United States Code, further provides that: 'Whenever on trial for a violation of this * * * the defendant is shown to have or to have had possession of a narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.'

"However, this statute does not change the fundamental rule that the accused is presumed innocent until proved guilty beyond a reasonable doubt. Nor does it impose upon the accused any burden or duty to produce proof that the narcotic drug was lawfully imported, or any other evidence. As previously stated, the burden is always upon the prosecution to prove beyond a reasonable doubt every essential element of the offense.

"What the statute means is that, upon a trial for a violation thereof, if the jury should find beyond a reasonable doubt that the accused has had possession of the narcotic drug, as charged, the fact of such possession alone, unless explained to the satisfaction of the jury by the evidence in the case, permits the jury to draw the inference and find that the narcotic drug was imported or brought into the United States of America contrary to law; and to draw the further inference and find that the accused had knowledge that the narcotic drug was imported or brought in contrary to law.

"In connection with any explanation offered for possession of a narcotic drug, you are reminded that in the exercise of Constitutional rights, the accused need not testify. Possession may be explained to the satisfaction of the jury through other circumstances and other evidence in the case, independent of testimony of the accused."

in his own behalf, the affirmative duty to explain his possession of the narcotics imposed by the statute and the instruction constitutes comment on his failure to testify.

It is, of course, impermissible for a court to comment on a defendant's failure to testify. 18 U.S.C. § 3481. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. "[T]he test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955). Hayes v. United States, 368 F.2d 814 (9th Cir. 1966). The duty to explain the possession of narcotics announced in the court's instruction was not a comment on appellant's failure to testify. The instruction pointed out that the "accused need not testify" and that "possession may be explained to the satisfaction of the jury through other circumstances and other evidence in the case, independent of testimony of the accused." The constitutionality of the second paragraph of the statute has been upheld repeatedly, e. g., United States v. Secondino, 347 F.2d 725 (2d Cir. 1965); Orozco-Vasquez v. United States, 344 F.2d 827 (9th Cir. 1965); Agobian v. United States, 323 F.2d 693 (9th Cir. 1963). Appellant's self-incrimination argument was rejected in 1965 by a majority of the Supreme Court in a closely parallel context. United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658. The Court there at page 70, 85 S.Ct. at page 759, sttaed speaking of a somewhat similar statute:

"Furthermore, in the context of the instructions as a whole, we do not consider that the single phrase 'unless the defendant by the evidence in the case and by proven facts and circumstances explains such presence to the satisfaction of the jury' can be fairly understood as a comment on the petitioner's failure to testify. Cf. Bruno v. United States, 308 U.S. 287. The jduge's overall reference was carefully directed to the evidence as a whole, with neither allusion nor innuendo based on the defendant's decision not to take the stand."

We see no merit in appellant's contentions.

Judgment affirmed.