**Vivian BROWN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 20333.

United States Court of Appeals
Ninth Circuit.

Jan. 30, 1967.

Rehearing Denied March 3, 1967.

S. Carter McMorris, Sacramento, Cal., for appellant.

Cecil F. Poole, U. S. Atty., William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and WOLLENBERG, District Judge.

PER CURIAM.

Brown was convicted on four counts, two charging violation of 21 U.S.C. § 174, and two charging violation of 26 U.S.C. § 4705. She was sentenced to a term of imprisonment for five years on each count to run concurrently.

 Of the many points raised by appellant, only the entrapment issue concerns us. Appellant's other contentions in regard to the constitutionality of 21 U.S.C. § 174 have long been put to rest by numerous decisions in this Circuit. See e. g., Ramirez v. United States, 350 F.2d 306 (9th Cir. 1965); Pool v. United States, 344 F.2d 943 (9th Cir. 1965); Brown v. United States, 370 F.2d 874 (9th Cir. 1966).

As in most entrapment cases, we are here faced with the presence of a government informant. The informant, Munoz, testified that he had known appellant for three months in Las Vegas in 1963, where she had sold him some narcotics. He met her again in Stockton, California, paying social visits to her home sometime in the latter part of 1964 and the early part of 1965. At about this same time, he began his activities as an informant. On January 23, 1965, he paid a visit to appellant in an attempt to obtain some narcotics. He informed her that he had a brother (Agent Borquez), who had money and whose wife was an addict. Borquez was introduced as "Johnny", the brother, and appellant proceeded to take them to Sacramento to the home of Inez Taylor. Upon being paid in "marked" money, Taylor went out and came back with some heroin.

Appellant testified that Munoz appeared "sick" on that day, and that she felt sorry for him. She was promised some heroin for her efforts, and she admitted that she had been using heroin on a "chippy" basis. Munoz could not remember whether he was "sick" on the day in question, but thought he was not. Miss Taylor testified that Munoz did not show any symptoms of narcotics withdrawal. From these facts, a jury could find that appellant was not induced by the creative efforts of law enforcement officers to commit the crime.

There was also ample evidence to support a jury finding that appellant was predisposed to commit the crime. In addition to Munoz's testimony regarding the Las Vegas transactions (denied by appellant), there was the testimony of Miss Taylor in reference to recent dealings with appellant. We recently stated in Enciso v. United States, 9 Cir., 370 F.2d 749 (9th Cir. 1967):

> "Entrapment is usually a question of fact, not of law. See Masciale v. United States, 1958, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859. It is one of law only where the evidence on the question is substantially undisputed. Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848."

In the instant case, the evidence is in dispute, and thus was properly sent to the jury. We will not disturb the jury's finding.

 The facts that we have discussed relate primarily to count 1. We need not examine the alleged errors as to the remaining counts in view of the concurrent sentences imposed. Cox v. United States, 287 F.2d 41 (9th Cir. 1961).

Accordingly, the judgment is affirmed.