**Louise McINTYRE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21502.**

United States Court of Appeals
Ninth Circuit.

June 26, 1967.

Rehearing Denied Aug. 2, 1967.
Certiorari Denied Nov. 13, 1967.

See 88 S.Ct. 334.

Before BARNES and JERTBERG, Circuit Judges, and HILL,* District Judge.

PER CURIAM:

Appellant was charged with and convicted of the possession and concealment of a narcotic (heroin chloride) which had been illegally imported into the United States, with knowledge that it had been so imported. She was arrested pursuant to a warrant, and there followed a lawful search. There are but two questions raised: (1) Is the statutory presumption, stated in the second paragraph of 21 U.S.C. § 174, that the heroin found in appellant's possession was illegally imported, constitutional; and (2) if it is constitutional, was her statement that she "thought it was made in Portland" (R.T. 51) sufficient to overcome the presumption?

The presumption has long been held valid by this and other courts. Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925), Morales v. United States, 344 F.2d 846, 851 (9th Cir. 1965), Ramirez v. United States, 350 F.2d 306, 308 (9th Cir. 1965), Juvera v. United States (9th Cir.), 378 F.2d 433, decided May 9, 1967.

Appellant's testimony quoted above was found by the trial court to be "unimpressive." We agree. When asked to explain how she obtained the heroin, she refused to explain, relying on the Fifth Amendment. The presumption may be, but is not necessarily, overcome by appellant's mere statement as to her conjecture. Chavez v. United States, 343 F.2d 85, 89–90 (9th Cir. 1965), United States v. Norton, 310 F.2d 718, 719 (2d Cir. 1962).

Appellant relies heavily on Erwing v. United States, 323 F.2d 674 (9th Cir. 1963). But the facts differ completely. In *Erwing* a different narcotic was involved, "cocaine hydrochloride." In *Erwing* there was uncontradicted expert testimony that "all cocaine hydrochloride

Oscar D. Howlett, Portland, Or., for appellant.

Sidney I. Lezak, U. S. Atty., Norman Sepenuk, Michael Morehouse, Asst. U. S. Attys., Portland, Or., for appellee.

* Hon. Irving Hill, United States District Judge, Central District of California.

was manufactured in the United States." "Under the evidence" there produced there was held to be "no rational connection between the unexplained possession of cocaine hydrochloride and the presumed fact of illegal importation." *Erwing*, supra, has no application to the facts of this case.

We affirm.