**Jackson MORGAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21811.**

United States Court of Appeals Ninth Circuit.

March 13, 1968.

Rehearing Denied April 17, 1968.

Julian Herndon, Jr. (argued), of Herndon & Whitney, Portland, Or., for appellant.

Michael J. Swofford (argued), Asst. U. S. Atty., Elgene G. Cushing, U. S. Atty., Seattle, Wash., for appellee.

Before POPE, MERRILL and CARTER, Circuit Judges.

PER CURIAM.

The defendant in this case, appellant here, was charged with offenses under six counts of an indictment. Two counts charged sale or concealment of narcotics under 21 U.S.C. § 174; two counts charged sale of narcotics without federal tax stamp under 26 U.S.C. § 4704(a) and two counts charged sales of narcotics without the required order form, 26 U.S.C. § 4705(a). Defendant was convicted on all six counts by jury verdict and he was sentenced to ten years on each count to be served concurrently.

At the trial the evidence was overwhelming that defendant sold narcotics at various times to one Gordon, a deputy

sheriff of King County, Washington, who was acting at the time on behalf of the Federal Bureau of Narcotics as an undercover agent. Appellant specifies error in the action of the trial court in refusing to permit the defendant to cross-examine the purchaser of narcotics and another federal agent who observed the purchase about a man named Harvey Edwards.

 The trial court very properly refused to permit this examination on the ground that there was no showing that the questions sought to be propounded were in any manner relevant to this case. There is no showing whatever that the court's ruling in this respect was in any manner prejudicial to the defendant.

Appellant also attacks certain provisions of the above named Sections 174 and 4704(a) as unconstitutional in that they provide for what is referred to as certain presumptions. Thus § 174 contains a provision as follows: "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." And § 4704 (a) contains a provision as follows: "* * * the absence of appropriate tax paid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

At the trial at which no evidence was offered by the defendant, the defense developed by cross-examination of the chemist who testified for the Government, that the narcotics here in question could have been produced from poppies grown in various parts of the United States. The argument is that Congress could not validly establish any such presumption or make the proof mentioned prima facie evidence any more than it could by statute "make a dog a cat or change something from what it normally or naturally is"; and that the presump-

tion is not based on any facts that would authorize it.

 Aside from the fact that the growing of opium poppies in the United States is prohibited by law, 21 U.S.C. § 188b, it is well established by the decisions that the provisions here under attack are valid and constitutional. See Yee Hem v. U. S., 268 U.S. 178, 179, 45 S.Ct. 470, 69 L.Ed. 904; Agobian v. United States, 323 F.2d 693, 9 Cir.; Orozco-Vasquez v. U. S., 344 F.2d 827, 9 Cir., Brown v. United States, 370 F.2d 874, 9 Cir., United States v. Secondino, 2 Cir., 347 F.2d 725; United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L. Ed.2d 658.

 Appellant also assigns as error the court's rejection of a portion of one of his offered instructions. We find no merit in this contention in view of the fact that the instructions as a whole adequately cover the point sought to be made by the appellant.

Since we find no error in the record, the judgment is affirmed.