**THE PEOPLE OF THE TERRITORY OF GUAM,**
**Plaintiff-Appellee**

**v.**

**JAMES SALAZAR PADOR, Defendant-Appellant**

## Criminal No. 50-A

## District Court of Guam

Appellate Division

## January 24, 1978

Before DUENAS, SMITH and WONG, *District Judges*

PER CURIAM

### OPINION

Defendant, Pador, appeals from a conviction of first de-

gree murder entered on December 24, 1974. The sole issue raised on appeal is whether defendant's due process rights were violated when, in his opening statement, the prosecutor made the following reference to Pador's silence at the time of his arrest:

> . . . The police found the address of Mr. Pador . . . and they went over to see Mr. Pador; to see what he had to contribute, what explanation he could make. The police went to the home of Mr. Pador. He admitted his identity. He made certain admissions under certain circumstances, which will be explained to you; as a result of which—and after being warned of his constitutional rights—remained silent. The police then put him under arrest and took him to [the] Agana Lock-up. (Transcript at 17:21.)

It is true that a prosecutor may not seek to prove his case by emphasizing the fact that an accused has exercised his fifth amendment rights: either in refusing to take the stand, *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); or in remaining silent in the face of *Miranda* warnings, *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240 (1976). However, the court finds in this case that such a minimal reference to an accused's silence in no way affected the outcome of the case and does not require reversal.

Here, unlike the Supreme Court cases cited above, there was no effort by the prosecution to "solemnize the silence of the accused into evidence against him" (*Griffin,* 380 U.S. 609, 614, 85 S.Ct. 1229, 1233), or to "impeach an explanation subsequently offered at trial" (*Doyle,* 426 U.S. 610, 617–19). A cursory reading of *Chapman, Griffin* and *Doyle,* supra, makes it clear that reversal in these cases was only required where the prosecutor suggested to the jury that failure to take the stand or silence in the face of *Miranda* warnings was indicative of guilt. In *Doyle,* the prosecution in an effort to impeach defendants' testimony

that they had been framed belabored the fact that they refused to answer questions after being read their rights:

> *We have the Fifth Amendment.* I agree with it. It is fundamental to our sense and system of fairness, but *if you are innocent*—
> . . .
> (continuing)—*if you are innocent*—Ladies and Gentlemen, if you have been framed, if you have been set-on, etc. etc. etc., as we heard in Court these last days, you don't say, when the law enforcement officer says,—"You are under arrest,"—*you don't say,*— "I don't know what you are talking about." *You tell the truth.* You tell them what happened and you go from there. *You don't say,*— *"I don't know what you are talking about,"—and demand to see your lawyer and refuse to permit a search of your vehicle, forcing the law enforcement agents to get a search warrant.*
> If you're innocent, you just don't do it. Doyle Tr. 515–516, 519, 526. (426 U.S. 634–36; emphasis supplied.)

Here the prosecution's opening statement did not suggest to the jury one way or another that the accused was guilty when he remained silent. The silence of the accused was in no way used to impeach him or to buttress the Government's case; therefore, we do not have a *Doyle*-type violation here. The reference to the accused's silence after being read his rights could not have been taken by the jury as a negative comment on his silence and did not affect the verdict. While the defendant has suggested an emerging rule from other jurisdictions that any *"Doyle*-type" violation can never be harmless, we choose to accept the rule of the Ninth Circuit that has been established regarding the prosecution's comments on a defendant's exercise of his fifth amendment right not to testify. The rule has been generally stated as follows:

> The test is whether the language used was *manifestly* intended or was of such character that the jury would *naturally* and *necessarily* have taken it to be a comment on the failure of the accused to testify. *Hayes v. United States,* 368 F.2d 814, 816 (9th Circuit 1966); *Brown v. United States,* 370 F.2d 874, 876 (9th Circuit

1966), cert. denied, 386 U.S. 1039, 87 S.Ct. 1494, 18 L.Ed.2d 605 (1967). (Emphasis supplied.)

Here, we find that the prosecutor's reference to defendant Pador's silence was not intended to raise, nor did it raise, in the jury's mind a negative inference regarding the exercise of his fifth amendment rights. Affirmed.