892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador Vargas OCHOA, aka: Salvador Ochoa Vargas,
Defendant-Appellant.
 No. 88-5409.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 25, 1989.*
Decided Dec. 13, 1989.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ochoa appeals from denial of his motion to suppress. The district court found that Ochoa's wife threw a bag of heroin from the window of their residence into an adjacent open lot after law enforcement officers knocked on the door seeking consent to enter, and before they used Ochoa's key to enter unlawfully. "Whatever intent or purpose may have been in their minds, no improper or unlawful act of any kind was committed by any of the officers prior to the [evidence] being thrown out of the window...." Cutchlow v. United States, 301 F.2d 295, 297 (9th Cir.1962). Accord Fletcher v. Wainwright, 399 F.2d 62, 64 (5th Cir.1968). The trial court's factual finding of voluntary abandonment, which the evidence amply supports, is not to be set aside unless clearly erroneous. United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir.1986). Because the heroin was abandoned voluntarily, and not as a result of police misconduct, Ochoa lacks standing to complain of its subsequent seizure. United States v. Nordling, supra, 804 F.2d at 1469.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3