**UNITED STATES of America,**
**Appellee,**

v.

**Henry Lawrence LEWIS, Appellant.**

No. 8693.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 9, 1962.

Decided March 22, 1963.

Frederick T. Stant, Jr., Norfolk, Va. (L. S. Parsons, Jr., and Parsons, Stant & Parsons, Norfolk, Va., on the brief), for appellant.

Roger T. Williams, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, BRYAN and J. SPENCER BELL, Circuit Judges.

HAYNSWORTH, Circuit Judge.

The defendant has appealed from his conviction of offenses against the revenue laws relating to whisky. He complains of the refusal of the District Court to submit to the jury the question of entrapment, and he contends that the evidence was insufficient to support the conviction.

At the trial, a revenue agent testified that he went to the defendant's home pursuant to an arrangement which had been made by a confidential informant. Admitted into the defendant's home, the two discussed the prospective purchase of eighteen gallons of illicit whisky. The defendant then left his home while the revenue agent waited near the de-fendant's garage, as he was instructed to do. Shortly thereafter, an automobile was driven close to the garage by another man, and the defendant and the revenue agent transferred eighteen gallons of untaxed whisky from the trunk of that car into the automobile of the revenue agent.

The revenue agent made no arrest at the time and he did not identify the driver of the other automobile. The defendant was taken into custody upon an arrest warrant issued some weeks later.

█ At the trial, the defense was an alibi, and, in that connection, the defendant sought to cast doubt upon the revenue agent's identification of the defendant as the man with whom he conversed in the defendant's home on the night in question and from whom he purchased the illicit whisky. The evidence of identification, however, cannot be said to be insufficient to support the verdict. The revenue agent testified that he conversed with the defendant for several minutes in the lighted livingroom and the lighted den of the defendant's home. His failure on cross-examination to recall some of the details of the defendant's appearance and dress at that time, while giving some basis for argument to the jury, did not destroy the evidentiary basis of the witness' identification of the defendant as the man from whom he had purchased the illicit whisky. At best, the question of identification was for the jury.

██ Clearly, there was no evidence of entrapment. This contention is apparently based upon the supposition that, despite the defendant's alibi as a defense, had the confidential informant, who made the initial arrangements with the defendant, testified, his testimony might have disclosed a situation which would have made requisite the submission to the jury of the question of entrapment. This highly speculative supposition in no event could have made appropriate such an instruction upon the basis of the evidence actually taken at the trial. Construed as a complaint that the confidential informant was not produced and offered as a witness at the

trial, it can avail the defendant nothing, for neither before the trial nor during the trial, itself, did the defendant request the production of the confidential informant or his identification. Under such circumstances, the District Attorney was not required to produce the confidential informant or to offer him as a witness, and the defendant has no basis for complaint upon appeal that the confidential informant was not a witness at his trial.

Affirmed.