**UNITED STATES of America**
v.
**Ellis W. MATTHEWS, Jr.**
**Crim. A. No. 71-219.**

United States District Court,
E. D. Pennsylvania.

May 3, 1972.

Robert N. DeLuca, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert Scandone, Voluntary Def. Assoc., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

On December 14, 1971,' Ellis W. Matthews, Jr. was found guilty after trial by jury on a four-count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a), (b) and (d).[1] Matthews has filed a motion for judgment of acquittal on the ground that the verdict is contrary to the weight of the evidence. In the alternative, Matthews seeks a new trial because of events that occurred during trial.

Initially, Matthews argues that the verdict is contrary to the weight of the evidence because the Government's case relied heavily on the testimony of Barbara Jean Manns, the victim teller, who positively identified the defendant as the man who robbed her on March 23, 1971. Matthews notes that Miss Manns remained adamant in her identification of him despite her admitted inability to remember other events concerning the subsequent bank robbery investigation. She could not identify, for example, the two detectives who interviewed her in connection with the investigation of the robbery.

It is the law, however, that on a motion for judgment of acquittal the view of the evidence most favorable to the Government must be taken. *See* United States v. Evers, 448 F.2d 863 (3 Cir. 1971). If Miss Mann's identification testimony were believed in the instant case, a jury could reasonably reach a verdict of guilty. Indeed, cases have gone to the jury where identification of the defendant as the criminal actor rested upon the testimony of a lone eyewitness. *See* Allen v. United States, 136 U.S.App.D.C. 223, 420 F.2d 223 (1969); United States v. Lewis, 315 F.2d 228 (4 Cir. 1963). Furthermore, this Court instructed the jury in accordance with the Third Circuit's direction in United States v. Barber, 442 F.2d 517, 528 (3 Cir. 1971), that a witness' testimony as to identity must be received with caution and scrutinized with care. Under these circumstances defendant's guilt or innocence presented a question for the jury and the motion for judgment of acquittal, therefore, is denied.

Defendant also argues that a new trial is required because this Court erred in denying his two motions for mistrial. The motions arose from the fact that the Government's identification witness,

---

1. Defendant was tried previously in September, 1971, at which time the jury was unable to reach a unanimous verdict.

Miss Manns, believed that the defendant not only committed the March 23, 1971 bank robbery in question, but also robbed her at the same bank on February 8, 1971, an offense with which defendant was never charged. A pretrial discussion was held concerning the possible prejudicial consequences of such testimony on the jury. Although I believe that such testimony is proper, the Government advised defense counsel that Miss Manns would be told that if she testified as to her prior opportunity to observe defendant that she should not say that the opportunity occurred at a prior robbery.

■ Miss Manns adhered to such suggestion on direction examination. The Government attorney, however, inadvertently asked the following question: "Where were you on February 8 when you observed that robber?" (N. T. 51) Defense counsel objected and made his first motion for a mistrial. The request was denied, the jury was instructed to disregard the question completely, and the question was immediately rephrased. Since even the Court was not alert to the slip by counsel for the Government and the question was not repeated, the incident did not cause the damaging prejudice that would merit a mistrial. Also, any possibility of prejudice was negated by the Court's immediate cautionary instruction to the jury.

■ On cross-examination Miss Manns was asked the following question: "How are you able to recognize the defendant today?" She responded, "Because he robbed me twice and he had a gun on me and that's how I recognize him." (N.T. 66) Defense counsel's motion for a. mistrial was again denied. Generally, evidence of other crimes is not admissible in the trial of a criminal case if its probative value is merely to show a general criminal disposition on the part of the defendant. Wigmore, Evidence § 215 (3d ed. 1940). There are, however, exceptions to this general rule. *See* Wigmore, §§ 216–218. If, for example, the testimony serves the fur-

ther purpose of revealing defendant's ". . . identity with respect to the crime of which he is charged in the case on trial, the testimony is admissible in spite of its reference to previous criminality." United States v. Frascone, 299 F.2d 824, 828–829 (2 Cir. 1962). *Accord,* United States v. Nemeth, 430 F.2d 704 (6 Cir. 1970); Matthews v. United States, 407 F.2d 1371 (5 Cir. 1969); Hughes v. United States, 320 F.2d 459 (10 Cir. 1963). Such identification of defendant is precisely the further purpose served by the instant question and answer. The answer was in response to a rather broad question by defense counsel on cross-examination and was no cause to declare a mistrial.

■ Defendant also complains because in the Government attorney's closing argument he handed a juror a piece of paper and then rhetorically asked whose fingerprints were on the paper. Defendant mistakenly considers this conduct a flagrant abuse of the prosecutor's powerful position. The conduct, however, was far removed from the passionate expression of personal belief in defendant's guilt that was disapproved in United States v. Schartner, 426 F.2d 470 (3 Cir. 1970). On the contrary, the Government attorney's remarks in this case were consistent with the role of the prosecuting attorney as expressed in Di Carlo v. United States, 6 F.2d 364 (2 Cir. 1925), a case cited by defendant himself. Judge Hand stated in *Di Carlo* at page 368:

"He [the prosecutor] is an advocate, and it is entirely proper for him as earnestly as he can to persuade the jury of the truth of his side, of which he ought to be thoroughly convinced before he begins at all. To shear him of all oratorical emphasis, while leaving wide latitude to the defense, is to load the scales of justice; it is to deny what has always been an accepted incident of jury trials, except in those jurisdictions where any serious execution of the criminal law has yielded to

a ghostly phantom of the innocent man falsely convicted."

A word should be said about the handwritten "Supplemental Brief" submitted by Matthews himself in which he attacks, *inter alia*, the legality of his arrest and interrogation. It is sufficient to say that the arrest and subsequent investigation of Matthews in no way violated his constitutional rights. Indeed, the able attorneys from the Defender Association of Philadelphia who represented defendant from the outset never challenged the legality of his arrest or subsequent investigation. It appears to me that this defense decision evidenced experience and common sense.

For all the above reasons the defendant's motion for judgment of acquittal and new trial shall be denied.