### UNITED STATES of America
### v.
### Ronald WILLIAMS.
### Crim. No. 73-128.

United States District Court,
E. D. Pennsylvania.

Nov. 19, 1973.

Robert E. J. Curran, U. S. Atty., Frank J. Bove, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Dennis H. Eisman, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

BECHTLE, District Judge.

Defendant Ronald Williams was tried and convicted by a jury of the unlawful distribution of 8.26 grams of heroin, a Schedule I narcotic drug controlled substance, in violation of 21 U.S.C. § 841. The defendant has moved for judgment of acquittal pursuant to Fed.R.Crim.P. 29 or, in the alternative, for a new trial pursuant to Fed.R.Crim.P. 33. In support of the above motion, defendant con-

tends that the admission of evidence of criminal activity allegedly engaged in by the defendant which is unrelated to that for which he is being tried was unduly prejudicial and constitutes the basis for the granting of a new trial. For reasons enumerated in this opinion, defendant's motion will be denied.

The facts adduced at trial are as follows: On October 11, 1972, Agent William Kean of the Drug Enforcement Administration ("DEA") together with Agent Kenneth Davis, met with Linda Johnson, a Government informant, at the Regional Office of the DEA located in Philadelphia, Pennsylvania. The purpose of the meeting was to develop a plan whereby the informant and Agent Davis would proceed to the vicinity of the 2500 block of Leithgow Street, Philadelphia, in the expectation of meeting one Porter Campbell, a suspected purveyor of narcotics in this particular area of the city. The plan as formulated called for Agent Davis, operating in an undercover capacity, to be introduced to Campbell by Linda Johnson. Following the introduction, Agent Davis would offer to buy a quantity of narcotics from Campbell. When and if the sale was consummated, the agents would arrest the seller for violation of 21 U.S.C. § 841.

According to plan, Agent Kean, Agent Davis, and the informant drove in an unmarked official Government vehicle to the prearranged location. Upon their arrival, Agent Kean parked the vehicle in the 2500 block of Leithgow Street. Officer Kean remained in the car and watched the informant and Agent Davis walk to the home of Porter Campbell. The proposed seller was not at home. The informant and Agent Davis left this address and were walking away when they met the defendant, who in fact knew Linda Johnson, the informant. After a brief conversation, during which the informant introduced Agent Davis as "her old man," the defendant invited the informant and the agent into a vacant house. The informant and Agent Davis waited in what would have been

the living room of the house while the defendant went into another room. Shortly thereafter, the defendant returned with a brown paper bag and handed it to Agent Davis, who promptly paid $200 in official Government money to the defendant. Davis and the informant left the house and returned directly to the car. Agent Kean, Agent Davis, and the informant then drove several blocks to the vicinity of American Street and Lehigh Avenue, where they examined the bag that was received from Williams in exchange for the $200. Found in the bag were two bundles containing twenty-five (25) glassine bags each of a substance that they field tested and determined was heroin.

Both Agent Davis and a chemist produced by the Government testified in detail as to the chain of custody of the heroin from the time the 8.26 grams were purchased from the defendant until the same was introduced at trial as Government exhibits. Agent Davis testified that immediately following the completion of the field test both he and Agent Kean returned to the Office of the DEA. Testimony of the officers revealed that the evidence was processed, dated, and marked as that received from Williams, placed in a series of lock-seal envelopes, and mailed to a Federal narcotics laboratory in the City of New York for testing and custodial purposes. The chemist testified that the envelopes were received by the laboratory, that he personally broke the seal on the envelopes, and that in keeping with normal procedures he analyzed the contents of the glassine bags and found heroin therein. The evidence was then placed in another lock-seal envelope to be returned to the Philadelphia Regional Office of the DEA upon notification that the evidence was needed for trial. At the conclusion of this aspect of the testimony, there was no doubt that the chain of custody was unbroken.

The defendant did not testify in his own behalf, nor did he offer any testimony except for calling Grant Beasley, a Philadelphia Police Officer assigned at

that time to the DEA, who testified that on this occasion Linda Johnson received $25 for her services in connection with the purchase of heroin from Ronald Williams. The defendant's principal strategy was to attack the credibility of the informant, Linda Johnson. The defendant stressed the fact that Miss Johnson had previous convictions for narcotics violations and prostitution, that she was an addict herself, and that the Government was paying money to her in return for services rendered as an informant.

■ Despite the strong attack on Linda Johnson's credibility, the jury apparently believed that her testimony was factual. No doubt they arrived at this conclusion because of the virtually uncontradicted corroborative testimony of Agents Kean and Davis. A review of the record indicates that more than ample evidence was introduced to support the finding by the jury that the Government had proven beyond a reasonable doubt that Ronald Williams unlawfully distributed a narcotic drug in violation of 21 U.S.C. § 841.

## QUESTION OF EVIDENCE OF OTHER CRIMINAL CONDUCT

Linda Johnson, the chief prosecution witness in this case, was testifying on redirect examination when the following testimony was admitted into evidence:

"Q. You testified also, I believe, that there was no plan when the plans were formulated to buy heroin from this defendant, Ronald Williams, known as Foots?

A. No.

Q. But I ask you again, are you sure that is in fact what happened?

A. Yes, that we were to get it off of someone else and he just happened to be there at the time.

Q. And you are sure that this defendant, Ronald Williams, was the man who you introduced to Kenny Davis?

A. Yes.

Q. And you personally saw this?

A. Yes.

MR. BOVE: Nothing further.

A. I bought dope off of him. I have been buying dope off of him all the time."

(See, Notes of Testimony at p. 1–72.)

At this juncture, defense counsel objected and moved for a mistrial. The trial court denied the motion for the same reasons that the defendant's motion for a new trial must now be denied.

The law is well settled that the Government may not introduce evidence of other offenses for the purpose of showing a propensity or disposition on the part of the defendant to commit a crime. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); United States v. Hines, 470 F.2d 225 (3rd Cir. 1972); United States v. Gray, 468 F.2d 257 (3rd Cir. 1972).

■■ However, in the instant case, the evidence of prior criminal activity was received as part of a line of questioning that was quite plainly aimed at the issue of identification and not the defendant's general criminal demeanor or behavior. This line of testimony of which the complained of portion was a part was elicited and received for the purpose of corroborating the identification testimony of Linda Johnson, a witness whose veracity and character had been strongly attacked from the outset of the trial as the principal defense objective. The Court in United States v. Stirone, 262 F.2d 571, at p. 576 (3rd Cir. 1959), succinctly stated the rule that "evidence of other offenses may be received if relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime." See also, U. S. v. Matthews, 346 F.Supp. 861 (E.D.Pa. 1972), affirmed, 474 F.2d 1337 (3d Cir. 1972).

The case of U. S. v. Pittman, 439 F.2d 906 (5th Cir. 1971), involved a factual situation remarkably similar to the one at bar. Two defendants were charged with violation of various narcotic laws.

During the trial, the Government introduced evidence of certain unlawful drug transactions participated in by the defendants not charged in the indictment. The trial court admitted the evidence of the extraneous offenses on the basis that it corroborated the offense charged.

A similar result was reached in the recent case of U. S. v. Lewis, 423 F.2d 457 (8th Cir. 1970). In the opening statement to the jury, the prosecutor stated that the defendant had sold narcotics to a Government informant on frequent occasions not included in the indictment on which he was being tried. The informant testified that he had purchased narcotics from the defendant over a three-year period. The court therein held that evidence of prior conduct which may constitute a separate crime is admissible to prove, *inter alia*, the identity of the person charged with the commission of the crime on trial.

The Court is convinced that the probative value of the testimony in question far outweighed what slight prejudicial effect, if any, the statement had on the jury. Accordingly, the defendant's motion for judgment of acquittal or, in the alternative, for a new trial will be denied.